Suhel Ahmed v. Blanche

BIA
A241 887 326/327/328
A241 696 862

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand twenty-six.

PRESENT:
>           SUSAN L. CARNEY,
>           JOSEPH F. BIANCO,
>           SARAH A. L. MERRIAM,
>               *Circuit Judges.*

_____

MOHAMMAD SUHEL AHMED,
AHMED ISTIYAK IFTE, LUTHFA
BEGUM, R. A. J.,*
>       *Petitioners*,

>           v.                                                           **24-458**
>                                                                        **NAC**

_____

* We use only initials to refer to the minor petitioner in this publicly accessible order.

**TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,**
  *Respondent.*

_____

FOR PETITIONERS:          Khagendra Gharti-Chhetry, Chhetry & Associates, P.C., New York, NY.

FOR RESPONDENT:          Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Jennifer A. Bowen, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Mohammad Suhel Ahmed, Luthfa Begum, and their children, natives and citizens of Bangladesh, seek review of a January 23, 2024, decision of the BIA affirming a March 27, 2023, decision of an Immigration Judge ("IJ") denying Ahmed's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Mohammad Suhel Ahmed*, Nos. A241 887 326/327/328, A241 696 862 (B.I.A. Jan. 23, 2024), *aff'g* Nos. A241 887 326/327/328, A241 696 862 (Immigr. Ct. N.Y.C. Mar. 27, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

2

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

*Id*. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's determination that Ahmed was not credible as to his claim that he suffered past persecution and fears future persecution on account of his work for the Liberal Democratic Party ("LDP") in

3

Bangladesh. The agency reasonably relied in part on Ahmed's demeanor, specifically, that he "was not a responsive witness . . . and at times . . . just stared into space." Certified Admin. R. ("CAR") at 54; *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). Ahmed does not dispute this characterization of his testimony and indeed concedes that his answers were "inexplicably bizarre." Petitioner's Br. at 21. We afford "particular deference" to the IJ's demeanor finding, particularly because the IJ's observations were linked to inconsistent statements. *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005) ("We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe . . . demeanor places her in the best position to evaluate whether apparent problems . . . suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question."); *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

The agency also reasonably relied on multiple inconsistencies between Ahmed's testimony and his written statement regarding what date he was first

4

attacked (March 12, 23 or 26, 2019, July 2019, or March 2021), where this attack occurred (in or at his store or on the road on his way home), and the timeline of the attack and its aftermath (whether he was home by midnight or at the police station until two o'clock in the morning). *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency was not required to credit Ahmed's explanations for the inconsistency about when the attack occurred; indeed, his explanations only created further inconsistencies by giving a variety of dates for the same attack, and Ahmed did not acknowledge the earlier inconsistent testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (citation modified)). And an IJ may rely on even minor inconsistencies when considering the totality of the circumstances. *See Xiu Xia Lin*, 534 F.3d at 167 ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (citation modified)).

Having questioned Ahmed's credibility, the agency reasonably relied further on his failure to rehabilitate his credibility with reliable corroborating

5

evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ reasonably gave diminished weight to letters from declarants who were not available to testify and because "the affidavits were prepared together on the same date with the same notary," which undercut the reliability of the statements, because the affiants did not all live in the same area. CAR at 54; *see Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that an "IJ acted within her discretion in according . . . little weight [to affidavits] because the declarants (particularly [petitioner's] wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). The IJ also reasonably questioned why Ahmed was unable to provide a medical record from his first hospital visit, when he had a record of the second visit to the same hospital, and the record of the second visit was not contemporaneous with his treatment. When asked about this omission, Ahmed gave internally inconsistent explanations that did not resolve why he did not

6

obtain letters confirming treatment after both alleged attacks. *See Majidi*, 430 F.3d at 80.

Finally, Ahmed's argument that his testimony and corroborating evidence regarding the second attack are consistent does not compel a different conclusion. The IJ was permitted to make an adverse credibility determination based on Ahmed's inconsistent and nonresponsive testimony regarding the first attack. *See Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). And inconsistencies about one part of a claim may call into question the entire claim and corroborating evidence. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Given the multiple inconsistencies, the deference we provide the IJ's demeanor findings, and the lack of reliable corroboration, we conclude that substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d 273.

7

The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court